**In the Matter of LOUIS L. LASSER & STANLEY M. KAHN, PARTNERSHIP, Debtor.**

**No. 84 CV 4692.**

United States District Court, E.D. New York.

July 23, 1985.

James T. Gucciardo, Melville, N.Y., for appellant.

Shaw, Goldman, Licitra, Levine & Weinberg, P.C. by Neal H. Ackerman, Garden City, N.Y., for respondents.

### MEMORANDUM AND ORDER

PLATT, District Judge.

In this appeal, appellant Robert Carillo ("Carillo") seeks to overturn the order of Bankruptcy Judge Robert John Hall dated November 6, 1984, as modified February 7, 1985, which held Carillo in default and forfeited his deposit on a contract to purchase real property "in that the appellant was not in default as no recordable deed could have been tendered by the vendor prior to the October 4, 1984 date of making the motion [to hold him in default] before Judge Robert John Hall." Appellant's Brief p. 9.

An evidentiary hearing was held on October 18, 1984, on said motion before Judge Hall, at the conclusion of which he decided from the bench that Carillo was in "material default" under the contract and declared his "deposit in default." Tr. 82.

Thereafter Judge Hall made findings of fact and conclusions of law under date of November 6, 1985, and modifications on February 7, 1985.

A real property sales contract between the debtors and Carillo was originally executed in October 1983. After a number of extensions accorded to Mr. Carillo in return for additional deposits, the closing on the real property was adjourned to August 20, 1984, subject to the following express condition:

> The deed shall be delivered upon the receipt of purchaser's agreed payments at the office of Suozzi, English & Cianciulli, P.C., 1505 Kellum Place, Mineola, New York, on August 20, 1984 at 2:00 p.m. or such sooner date and time as purchaser reasonably may request. The parties shall be entitled to reasonable

adjournment of said closing date, except *purchaser shall not be entitled to and shall not make any request for adjournment of the closing beyond September 17, 1984 for any reason foreseen or unforeseen.*

Hearing Exhibit C (emphasis added).

Clause No. 13 of the parties' written contract provided:

13.  The deed shall be the usual BAR-GAIN AND SALE DEED WITH COVE-NANTS deed in proper statutory short form for record and shall be duly executed and acknowledged so as to convey to the purchaser the fee simple of the said premises, free of all encumbrances, except as herein stated, and shall contain the covenant required by subdivision 5 of Section 13 of the Lien Law.

Clause No. 30 in a contract rider provided:

30.  (Supplementing clause No. 13). *Notice of Title Exceptions:* Purchaser will deliver to seller's attorneys, at least five (5) days before the date fixed for the closing of title, a copy of all exceptions in the title report, together with written notice of any exception which, in the opinion of purchaser's attorney, would render seller's title unmarketable. Any exception not set forth in such a written notice shall be deemed waived by purchaser.

On September 14, 1984, not having received a copy of all exceptions in the title report or a written notice claiming that item No. 22 of the report would in the opinion of purchaser's attorney render sellers' title unmarketable, the sellers' attorney, Brian Seltzer ("Seltzer"), sent Carillo's attorney, James T. Gucciardo ("Gucciardo"), a telegram which he acknowledged receiving, which provided in pertinent part that:

Your title objections, if any, have been waived under clause 30 of contract. Closing will proceed at 2:00 p.m. September 17th without extension. Buyer's fail-ure to close constitutes default and forfeiture of deposit.

Tr. 31.

Having previously furnished Gucciardo with a copy of a proposed deed in recordable form, Seltzer and the sellers stood ready, willing and able to proceed on the closing of the real property sale contract with Carillo at 2:00 p.m. on September 20, 1984, and to deliver a deed in recordable form at that time. Judge Hall so found. Paras. 7 and 9 at p. 5 and para. 5 at p. 8.

Bankruptcy Judge Hall also found that:

10.  Carillo failed to close on the Real Property on or before September 30, 1984, and never offered to close or take title to the Property pursuant to the Real Property Sale Contract on or before September 30, 1984.

11.  Carillo failed to offer or introduce any evidence at the Hearing to show that Carillo was financially able on or before September 30, 1984 to perform his obligations under the Real Property Sale Contract and the various modifications thereto.

12.  Carillo failed to offer or introduce any evidence at the Hearing to show that he was "ready, willing and able" to close within the time frame established by the Real Property Sale Contract and the various modifications thereto.

13.  Carillo was provided every opportunity by Debtor to take title to the Real Property and to close on the Real Property Sale Contract at all relevant times between the date of the Approval Order's entry to and including September 30, 1984.

14.  Although the Real Property Sale Contract expressly required any and all objections to title to be furnished in writing to Debtor within five days before the closing date specified therein, and provided that any objections not timely filed in that manner would be deemed waived by Carillo, no written objections were filed by Carillo with Debtor prior to the closing date established by the Real Property Sale Contract, and Carillo only first fur-

nished Debtor with objections respecting title on or about September 17, 1984.

Judge Hall's Findings of Fact, pp. 5–6.

Based on his findings, Judge Hall concluded as a matter of law, *inter alia*, that:

3. Carillo failed to produce any evidence whatsoever to rebut Debtor's assertions that (a) Carillo had defaulted on his obligations under the Real Property Sale Contract, and (b) Carillo's failure to proceed to closing on the Real Property Sale Contract was caused solely by Carillo.

4. The clear preponderance of credible evidence introduced at the Hearing demonstrates that Carillo failed to timely perform his obligations pursuant to the Real Property Sale Contract.

.    .    .    .    .

8. The clear preponderance of credible evidence introduced at the Hearing shows that Carillo's default of his obligations under the Real Property Sale Contract was solely attributable to Carillo, and was in no way caused by Debtor, its counsel, or its other representatives.

9. The Initial Deposits made by Carillo to Debtor were required under the terms of the Real Property Sale Contract to be refunded to Carillo only in the event that closing failed to occur by reason other than Carillo's fault.

10. The clear preponderance of credible evidence introduced at the Hearing shows that Carillo's default was solely caused by Carillo, that accordingly Carillo is not entitled to a refund of the Initial Deposits, and that Debtor is entitled to retain the Initial Deposits under the express terms of the Real Property Sale Contract.

11. The clear preponderance of credible evidence introduced at the Hearing shows that the Extension Deposit and the Final Deposit were expressly made non-refundable by agreement between Debtor and Carillo.

12. Debtor is entitled to retain the Extension Deposit and the Final Deposit, and Carillo is not entitled to any refund of these Deposits from Debtor.

Judge Hall's Conclusions of Law, pp. 8–9.

As indicated above, appellant claims that the proffered deed was not in "recordable form" because under "the New York State Gains Tax Laws, § 333 of Real Property Law, as amended, 1983, the recording officer of the county in which the property is located may not record the deed where the consideration is in excess of $500,000, such as in this case, unless the deed is accepted with the appropriate tax waivers issued by the New York State Department of Taxation and Finance", Appellant's Brief, p. 7, and points specifically to Item 22 of his title company's report, which provided that:

22. New York State Gains Tax: Although the tax affects transfers where the consideration is $1,000,000.00 or more, the following procedure is required when the consideration is $500,000.00 or more. At least 20 days prior to closing Forms TP580 and TP581 must be executed and sent, together with supporting documentation, to the New York State Department of Taxation and Finance, P.O. Box 5045, Albany, New York 12205. Within 20 days thereafter, the Department must issue a tentative tax assessment (Form TP582) or a statement that no tax is due (Form TP585) which are to be filed with the recorded papers. Payment of the tax must be by bank or certified check payable to New York State Department of Taxation and Finance.

Leaving aside the fact that the transfer was exempt from tax (Tax Law § 1443–1),[1] and Seltzer's gratuitous, bona fide effort to assist Carillo's counsel in the elimination of this alleged objection (which effort was apparently summarily refused by Carillo's counsel), the fact is that under the specific terms of the contract between the parties Carillo waived this particular objection by

---

1. It is clear that the issuance of waiver forms by the Tax Commission was merely a ministerial act since the consideration for the transfer was less than $1,000,000.

not having set forth the same in a written notice which was delivered to the sellers' attorneys at least five days before the date fixed for the closing of title. Clause No. 30 in typewritten contract rider.

In short, appellant's position on this appeal is without substance and merit and, accordingly, the order of the Bankruptcy Court must be and the same hereby is affirmed, with costs.

SO ORDERED.

